UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

In re

    ARLENE J. NOODLEMAN
and
F. RICHARD NOODLEMAN,

    Debtors.

Case No. 16-53410 SLJ
Chapter 7
Hon. Stephen L. Johnson

[No Hearing Requested]

### NOTICE OF TRANSFER OF INTEREST IN REAL PROPERTY BY DEED-IN-LIEU OF FORECLOSURE

**TO CREDITORS, THE UNITED STATES TRUSTEE, AND OTHER INTERESTED PARTIES:**

    **PLEASE TAKE NOTICE THAT** Kari Bowyer, Chapter 7 Trustee of the estate of the above Debtors, has entered into an agreement with Live Oak Bank, secured creditor, to transfer to Live Oak Bank by deed-in-lieu of foreclosure all of the estate's right, title, and interest in the real property commonly known as 20420 Pierce Road, Saratoga, California (the "Property").  To facilitate the transfer by deed-in-lieu of foreclosure, Live Oak Bank has agreed to pay the estate the sum of $10,000.  In addition, the transfer by deed-in-lieu will satisfy in part business debt secured by a third priority deed of trust in favor of Live Oak Bank against the Property.  The transfer will result in favorable tax consequences for the bankruptcy estate that are expected to generate tax refunds from prior tax years.  Upon transfer of title, Live Oak Bank intends to sell the Property, pay senior debt, and apply the balance to the loan it made to the Debtors or that the Debtors guarantied.

    Live Oak Bank lent the Debtors and an entity they controlled a great deal of money in 2015.  Part of that debt (over $1.9 million) was secured by a deed of trust against the Property.  Live Oak's deed of trust is in third priority position after First Bank and Fremont Bank.  First Bank is owed approximately $595,000 according to recent filings with the Bankruptcy Court.  The Trustee is informed and believes that Fremont Bank is owed between $160,000 and $170,000.  The total debt secured by the Property exceeds $2.7 million.

    The Trustee believes that the fair market value of the Property is approximately $1,675,000.  A sale of the Property by Live Oak Bank will result in payment of outstanding real property tax, the debts secured by the first and second priority deeds of trust in favor of First Bank and Fremont Bank, costs of sale, and a partial payment to Live Oak Bank.  To the extent that value is transferred to Live Oak Bank in satisfaction of business loans, such value will either release the bankruptcy estate's suspended at-risk tax losses or will give rise to a tax loss, which will enable the Trustee to carry back the estate's tax losses to certain prior years.  The Trustee is informed and believes that these tax losses will result in refunds that will benefit the general bankruptcy estate.

Live Oak Bank will receive an additional indirect benefit because it is expected to be the largest unsecured claimant in the bankruptcy case.

The Debtors have agreed to assist Live Oak Bank in the marketing and sale of the Property to maximize its value. Live Oak Bank has agreed to pay the estate $10,000 to facilitate the deed-in-lieu transfer. It has agreed to this procedure subject to the condition that it is able to obtain adequate title insurance upon the transfer. The Trustee may permit Live Oak Bank to initiate marketing efforts while this notice is pending.

Ordinarily, the Trustee would "abandon" over encumbered real property so that it would revert to the debtors. In this case, the situation is unique because of the beneficial tax consequences that will be derived from partial satisfaction of the business debt.

**PLEASE TAKE FURTHER NOTICE THAT** anyone who wishes to object to the transaction described above must do so in conformity with Rule 9014-1 of the Bankruptcy Local Rules for the Northern District of California. Rule 9014-1 prescribes the following procedure: (a) any objection to the requested relief, or request for hearing on the matter, must be filed and served upon the initiating party **within 21 days** of mailing the notice; (b) any objection or request for a hearing must be accompanied by any declarations or memoranda of law any requesting party wishes to present in support of its positions. If there is no timely objection to the request for relief or a request for hearing, the Court may enter an order granting the relief by default. In the event of a timely objection or request for hearing, the initiating party will give at least seven days written notice of the hearing to the objecting or requesting party, and to any trustee or committee appointed in the case. For purposes of filing with the Court, documents shall be filed with the United States Bankruptcy Court, 280 South First Street, Room 3035, San Jose, CA 95113-3099, and served on counsel for the Trustee at the address below.

Dated: August 2, 2017                                       RINCON LAW LLP

                                                By:    /s/Charles P. Maher
                                                       Charles P. Maher
                                                       Counsel for Kari Bowyer, Chapter 7 Trustee

Charles P. Maher, State Bar No. 124748
RINCON LAW LLP
268 Bush Street, Suite 3335
San Francisco, California 94104
Telephone No.: 415-996-8280
Facsimile No.: 415-680-1712
Email: cmaher@rinconlawllp.com